ANTOINE PROVIS and others *v.* JAMES M. CHEVES.

A person occupying real estate, with the right to cut and sell wood growing there-
on, accounting to the owners for the receipts, after reimbursing himself for
expenses out of the proceeds of such sale, has no attachable interest in such
wood.

Where the defendant, who occupied a farm under a contract with the owners that
they would convey said farm to him, upon the payment by him, at any time with-
in four years, of certain stipulated sums, he agreeing to pay over meanwhile to
said owners every month, all money received by him in excess of the current
monthly expenses, and to render a monthly account of all sales and receipts, cut
certain wood, which was afterwards attached by the plaintiff as the property
of the defendant, *Held*, that the defendant had no property in the wood itself,
but merely a power to cut and sell the same, coupled with an interest in the
proceeds of the sale, for the purposes mentioned.

ASSUMPSIT, for work and labor done by the plaintiff in cut-
ting wood for the defendant. The writ was served by leaving
a copy with George Cheves, for the purpose of attaching seventy-
five cords of said wood, then in his possession, as of the goods
and chattels of the defendant. To this action the defendant
pleaded in abatement, that at the time of the pretended service
of the writ, said goods and chattels were not his property, but
the property of William Chace and George L. Clarke. This
plea was traversed by the plaintiff. A jury trial having been
waived, the case was submitted to the court in fact and law, and
it appeared that the defendant at the time of the service of the
writ, occupied the farm on which said wood had been cut, under
the following contracts with the owners thereof, namely :—

(First.) " We, William Chace and George L. Clarke, make
the following agreement with James M. Cheves, and bind our-
selves, our heirs and assigns, to the faithful performance thereof,
namely : We agree, whenever the said Cheves, if within four
years from this date, shall pay to us the amount which shall be
found to be rightfully due to us from the Coventry Farm, so
called, and also from the said James M. Cheves to us, with in-

terest and one thousand dollars in addition, to make to said Cheves a deed of all our right, title and interest in said farm, purchased by us of C. & J. Vaughan, of Coventry, together with all the stock, machinery, and buildings thereon, on the express condition that said Cheeves fulfills the agreement written on the other part of this paper of even date herewith.

"In witness whereof, we have hereunto set our hands, this first day of April, A. D. 1864.

(Signed)        WM. CHACE,<br>
"        GEO. L. CLARKE."

(Second.) "Whereas, Wm. Chace and Geo. L. Clarke, have this day agreed under certain conditions to be fulfilled by me, to convey to me a certain Farm, with buildings and improvements thereon, now I the said James M. Cheves, for myself and my heirs and assigns, do on my part agree to pay to said Wm. Chace and Geo. L. Clarke, all debts, dues, claims and demands which they rightfully have, or may have against said Farm, and against me, together with interest and one thousand dollars in addition to all said claims, and I also agree to fulfill all contracts, they have made in reference to said Farm. I also agree to pay over to said Chace and Clarke, every month, all moneys received by me over the current monthly expenses, and I also agree to put up no machinery, unless at my own expense, except such as we may all agree upon, and to render an account to them every month of all sales and receipts, and as part security for the performance of this agreement, I have this day given to said Chace and Clarke, a mortgage upon my property in the City of Providence, for the sum of forty-five hundred dollars.

"In witness whereof, I have hereunto set my hand, this first day of April, A. D. 1864.

(Signed,)        JAMES M. CHEVES."

The defendant at the time of the service of the writ, was occupying the aforenamed Coventry Farm, under the above agreement, and had employed the plaintiff to cut certain wood on said

farm. The plaintiff brought this suit to recover for his services, and attached the wood which he had cut, which had not been removed from the farm, as the property of the defendant.

*Aldrich and Jenckes, with whom was Matteson, for plaintiff :—*

I. That which supersedes the power and control of the vendor and transfers it to the vendee, is a good delivery to pass the property to the latter, and to defeat an attachment for the debt of the former. Drake on Attachment, §245 a.

II. A contract for the sale of standing wood or timber, to be cut and severed from the freehold by the vendee, conveys no interest in the trees standing, but it does pass an interest in the wood as timber, when severed from the freehold. *Claflin et al.* v. *Carpenter*, 4 Met. 582.

III. A license to cut down a tree on a man's land, and to carry it away to his own use, is a license as to the cutting down the tree, but as to carrying away the tree cut, it is a grant. 2 Pars. on Contracts, *Thomas* v. *Sorrell*, 24 Vaughan, 330, 351.

IV. Had the owners of the soil taken and carried away the wood, after it was cut, the defendant Cheves could have maintained trover for the same against them.

*Addeman, for the defendant :—*

I. The parol testimony offered, and the written contract introduced by the defendant, shows that the title to the wood attached, was not in him.

II. Construing the contract most strongly against the defendant, he has not yet acquired such an interest in, or power over the property attached, as to constitute an attachable interest. Drake on Attachment §§ 245, 246, and cases cited. The possession of personal property though an indicium of ownership, does not render it liable to attachment for the debt of the possessor who is not the owner, unless perhaps if his possession be fraudulent and intended for colorable purposes. Ibid. § 254, and cases cited.

III. If the defendant has acquired any interest in the property attached, it is merely a contingent equitable interest: contingent, because depending on the performance of conditions yet unfulfilled; and equitable, because the legal title is vested in Messrs.

Clarke and Davis. Such an interest in this state is not attachable. *Kendall & Co.* v. *Gibbs & Co.*, 5 R. I. 529. See also *Baker* v. *Copenbarger et al*, 15 Ill. 103.

DURFEE, J. We think the defendant had no attachable property in the wood attached in this case, when the attachment was made. He was then occupying the farm on which the wood had been cut, and he had, it would seem, a right, according to the practice recognized between him and the owners of the farm, to cut and sell wood therefrom ; but by his contract with the owners, he was bound, after reimbursing himself for expenses, out of the proceeds of the sale, to pay over to them the residue, if any, the money so received being passed to his credit in part fulfillment of the contract. We think he had, strictly speaking, no property in the wood itself, but merely a power to cut and sell the same, coupled with an interest in the proceeds of the sale for the purposes mentioned. Except for those purposes, he could not cut and sell without violating the rights of the owners of the farm. There is also evidence in regard to the particular wood attached, that it was cut for a Railroad Company, in pursuance of a contract made with the Company by the said owners, which the defendant had agreed to carry out, and that consequently, the power of the defendant over it, was perhaps even more limited than we have stated ; but taking the case in the view which we regard as most favorable to the plaintiff, we think the attachment was invalid.

*Judgment for defendant on plea of abatement.*